**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PHILLIP B. ASHDOWN, | ) | |
| Plaintiff, | ) | 3:11-cv-00832-LRH-WGC |
| vs. | ) | |
| | ) | **ORDER** |
| PRISON HEALTH SERVICES, *et al.*, | ) | |
| Defendants. | ) | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On January 13, 2012, the court issued an order which, among other things, screened plaintiff's complaint, deferred the ruling on plaintiff's application to proceed *in forma pauperis*, required the Attorney General's Office to advise the court if it would enter a limited notice of appearance on behalf of the defendants for the purposes of settlement, and to address Plaintiff's pending motion for temporary restraining order and motion for preliminary injunction. (ECF No. 10.) The court required a response to those motions fourteen (14) days from the date Defendants advised the court regarding a limited notice of appearance. (*Id*.)

On January 23, 2012, the Attorney General's Office entered a limited notice of appearance on behalf of defendants. (ECF No. 12.) On January 26, 2012, defendants requested a status conference and stay of the briefing schedule on plaintiff's motion for a temporary restraining order and motion for a

preliminary injunction. (ECF No. 13.)

Defendants argue that the court's order requires them to respond to the merits of plaintiff's claims before imposing the filing fee for this action on plaintiff. Defendants contend that such a situation encourages inmate plaintiffs to file motions for preliminary injunctions to circumvent the ninety-day stay, currently imposed by the court in prisoner civil rights actions, and the payment of the filing fee. Defendants argue that requiring them to address a plaintiff's preliminary injunction will give him a preview of defendants' defenses and the merits of their claims, which will allow the plaintiff an opportunity to dismiss his claims before the court requires him to pay the filing fee. Additionally, defendants seek clarification on whether they are to enter a limited notice of appearance for settlement only or an appearance for the purpose of litigating plaintiff's claims.

As an initial matter, the court does not share defendants' apparent concern that delaying the ruling on applications to proceed *in forma pauperis* until after defendants have responded to a motion for a preliminary injunction will result in widespread abuse by inmate plaintiffs. Nevertheless, the court recognizes the inconsistency in requiring the Attorney General's Office to enter a limited notice of appearance, for settlement purposes, while simultaneously requiring them to address the merits of plaintiff's motion for preliminary injunction, which necessarily requires the Attorney General's Office to take action beyond mere settlement discussions. Accordingly, the court will rule on plaintiff's application to proceed *in forma pauperis* and require the Attorney General's Office to advise the court if it can accept service on behalf of the named defendants and enter a general appearance in this action for those defendants.

Plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 1). Based on the information regarding plaintiff's financial status in the application to proceed *in forma pauperis*, plaintiff is required to pay an initial installment of the filing fee pursuant to 28 U.S.C. §1915.

The grant of *in forma pauperis* status adjusts the amount of the filing fee that plaintiff must *prepay* -- plaintiff will be required to prepay an initial installment of $80.59, instead of having to prepay the full $350.00 filing fee for this action. The entire $350.00 filing fee will, however, remain due from

1  plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the
2  full filing fee when petitioner's institutional account has a sufficient balance, pursuant to 28 U.S.C.
3  §1915. The entire $350.00 filing fee will remain due and payable, and will be collected from plaintiff's
4  institutional account regardless of the outcome of this action.

5  **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (ECF
6  No. 1) is **GRANTED.** Plaintiff Phillip B. Ashdown, **Inmate No. 88346**, will be permitted to maintain
7  this action to conclusion without prepayment of the full filing fee. However, plaintiff must pay an initial
8  installment of the filing fee in the amount of **$80.59.** Plaintiff will not be required to pay fees or costs,
9  other than the filing fee, or give security therefor. This order granting *in forma pauperis* status shall not
10 extend to the issuance and service of subpoenas at government expense.

11 **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise
12 unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the
13 Prisoner Litigation Reform Act of 1996.

14 **IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of entry
15 of this order to have the initial installment of the filing fee, in the amount stated above, sent to the clerk
16 in the manner described below. Failure to do so may result in the immediate dismissal of this action.

17 **IT IS FURTHER ORDERED** that the clerk shall **SEND** plaintiff two copies of this order.
18 Plaintiff must make the necessary arrangements to have one copy of this order, attached to a check in
19 the amount of the initial installment of the filing fee, sent to the court, by sending a copy of the order
20 with a "brass slip" to Inmate Services for issuance of the check.

21 **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915, as amended by the Prisoner
22 Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay the clerk of the United
23 States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account
24 (in months that the account exceeds $10.00), until the full $350.00 filing fee has been paid for this
25 action. **The clerk shall send a copy of this order to Albert G. Peralta, Chief of Inmate Services,**
26 **Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.**

1    **IT IS FURTHER ORDERED** that defendant's motion for status conference and motion for stay
2 (ECF No. 13) is **GRANTED** in part and **DENIED** in part.
3    **IT IS FURTHER ORDERED** that the Attorney General's Office shall advise the court within
4 **seven (7) days** of the date of entry of this order whether it can accept service of process for the named
5 defendants and enter a general appearance.  As to any of the named defendants for which the Attorney
6 General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of
7 those defendant(s).  If the Attorney General accepts service of process for any named defendant(s), such
8 defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days** of
9 the date of the notice of acceptance of service.
10    If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion
11 identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and
12 address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of
13 Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the
14 complaint was filed.
15    **IT IS FURTHER ORDERED** that defendants shall file their response to plaintiff's motion for
16 a temporary restraining order and motion for preliminary injunction within **ten (10) days** of the date of
17 entry of this order.
18    **IT IS FURTHER ORDERED** that the stay imposed by the court in its January 13, 2012 order
19 is hereby **VACATED.**
20    **IT IS FURTHER ORDERED** that a **status conference is set in this matter for Friday,**
21 **February 17, 2012, at 10:00 a.m.**
22
23    DATED:  February 16, 2012.
24
25                                                                  _____
                                                                              UNITED STATES MAGISTRATE JUDGE
26