UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| PHILLIP ASHDOWN, | ) | 3:11-cv-00832-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | March 21, 2012 |
| | ) | |
| PRISON HEALTH SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:     JENNIFER COTTER      REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court are several motions filed by plaintiff which the court will address separately in this Order.

**Motion for Extension of Time to Reply to Defendants' Opposition (Doc. #34)**

Plaintiff has filed an untimely motion (Doc. #34)[1] seeking an unspecified extension of time within which to reply to defendant's response (Doc. #22) to plaintiff's motions for temporary restraining order (Doc. #6) and for preliminary injunction (Doc. #7). Plaintiff states therein that he needs to review his medical records in order to prepare his reply. Although plaintiff's motion was submitted five days after his deadline to reply, the court will grant this one extension to plaintiff.

Plaintiff's motion for extension of time (Doc. #34) is **GRANTED**. Plaintiff shall have twenty-one (21) days from the date of this order, to and including April 11, 2012, within which to submit his reply. **There shall be no further extensions.**

Contained in this motion (Doc. #34) is a request by plaintiff to have his motion for Temporary Restraining Order and Preliminary Injunction "heard and answered by the head judge Larry Hicks... ." (Doc. #37 at 4.) Plaintiff is advised that once those matters have been fully briefed, the Magistrate Judge will be submitting a Report and Recommendation to the District Judge who assigned this matter, the Hon. Larry R. Hicks. If plaintiff is dissatisfied with the Magistrate Judge's Report and Recommendation, he may file, pursuant to 28 U.S.C. §636 (b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific objections to the Magistrate Judge's Report and Recommendation within fourteen days of receipt thereof. Plaintiff's objections, if any should be

---

[1] Plaintiff's reply was due on March 11, 2012.

MINUTES OF THE COURT
3:11-cv-00832-LRH-WGC
Date:  March 21, 2012
Page 2

entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

**Motion Opposing the Sealing of Medical Records (Doc. #35)**

The court's Order (Doc. #33) granting defendants' motion to seal (Doc. 23) adequately sets for the rationale for sealing of plaintiff's medical records.  Further, as stated in that order (Doc. #32), plaintiff may utilize the procedure outlined in NDOC's administrative regulations for reviewing his medical records which involves sending a kite to the warden's office to review his records.

Plaintiff's motion (Doc #35) is therefore **DENIED**.

**Motion of Opposition of Denial of Appointment of Counsel to Plaintiff (Doc. #36)**

In plaintiff's "Motion of Opposition" (Doc. #36), plaintiff further requests reconsideration of this court's Order (Doc. #32) denying appointment of counsel.  The court believes its Order (Doc. #32) adequately addresses the rationale for the denial of plaintiff's motion for appointment of counsel.

Therefore, plaintiff's motion for reconsideration (Doc. #36) is **DENIED** as moot.

**Motion for Appointment of Counsel and Request for Evidentiary Hearing (Doc. #37)**

Plaintiff filed another Motion for Appointment of Counsel (Doc. #37) which not only seeks appointment of counsel but also requests an evidentiary hearing as "the issues in this case are complex and require an evidentiary hearing."  The earlier motion was denied due to plaintiff's failure to explain the purported complexity of this matter or how plaintiff is likely to prevail herein (Doc. #32).

While plaintiff again states in a conclusory fashion that the issues in this case are complex, he still has not articulated what it is that he feels is complex about his case so as to require the assistance of counsel.  Nor has he addressed the likelihood  of success on the merits.  The Court adopts by reference and incorporates herein it Order of March 8, 2012 (Doc. #32).

The court sees no basis or grounds for an "evidentiary hearing" unless and until plaintiff satisfies his initial burden of demonstrating case complexity and likelihood of ultimate success.

For the reasons stated herein, plaintiff's motion (Doc. #37) is **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
Deputy Clerk