UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP B. ASHDOWN, ) | 3:11-cv-00832-LRH (WGC) |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| vs. ) | April 27, 2012 |
| PRISON HEALTH SERVICES, et al., ) | |
| Defendants. ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE OGDEN          REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

On March 30, 2012, Plaintiff filed a Motion for Submission of Letter to Be Added to My Case File as Formal Complaint. (Doc. # 44.) In his motion, Plaintiff requests that the court add a letter he drafted to his "file." To that end, Plaintiff attaches a letter dated March 23, 2012, addressed to the Attorney General and the Court, which Plaintiff styles as his formal complaint regarding his ability to view his medical records.

In the letter, Plaintiff indicates that on March 22, 2012, he was allowed the "partial opportunity" to view his medical records. Plaintiff asserts that he was not afforded an opportunity to view his entire medical file, but only select pages that were filed under seal by Defendants in support of their opposition to Plaintiff's request for injunctive relief. Plaintiff also takes issue with the manner in which he was permitted to view his records, indicating that he was interrupted and that the caseworker's door was open during this process. Plaintiff further states that he could not transcribe or understand the medical records without professional help, insisting that he needs counsel. Plaintiff requests that he be given all of his medical files including those from a doctor at H.A.W.C, the Washoe County Jail, and NDOC, via subpoena.

It was Plaintiff's burden, on filing his Motion for Temporary Restraining Order (Doc. # 6) and Preliminary Injunction (Doc. # 7) to demonstrate: (1) a likelihood of success on the merits, (2) likelihood of irreparable injury, (3) that the balance of hardships tips in his favor, and (4) that injunctive relief is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff did not attach or reference any of his medical records in connection with his motion. (*See* Doc. # 6 and Doc. # 7.)

Defendants filed an opposition, supported by reference to certain of Plaintiff's medical records. (Doc. # 22.) Plaintiff does not assert that he was unable to view the medical records that Defendants submitted in support of their opposition. Rather, he takes issue with the fact that he was not able to review his entire medical file. Plaintiff's review of medical records at this juncture was so that he could file a reply in response to Defendants' opposition. Therefore, his review of medical records was properly limited to those used in support of Defendants' opposition.

If Plaintiff wishes to review his medical file in connection with opposing Defendants' Motion to Dismiss, he should follow the procedures outlined in NDOC's administrative regulations and kite the warden to review his records. Given the potential dispositive nature of Defendants' motion, his review of medical records should not be limited to only those filed in support of the motion to dismiss.

To the extent Plaintiff takes issue with the manner in which he was allowed to view his records, the court declines to interject itself into prison administration.

Finally, to the extent Plaintiff asserts that he needs a professional to decipher the medical records, his request is not well taken. The medical records relied on by Defendants are summarized in large part in their opposition.

Accordingly, Plaintiff's motion (Doc. # 44) should be **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: /s/ 
     Deputy Clerk