UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| PHILLIP B. ASHDOWN, | ) | 3:11-cv-00832-LRH (WGC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | April 27, 2012 |
| | ) | |
| PRISON HEALTH SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE OGDEN          REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

On March 23, 2012, Plaintiff filed a motion requesting that the court make copies of subpoenas and a release of medical information, and have these forms served upon his doctor, the Washoe County Sheriff's Office, and NDOC's Medical Department. (Doc. # 42.) Plaintiff asserts that he is indigent and has exceeded his copy work limit at NDOC, and cannot accomplish these tasks on his own. (*Id.*)

The court will not indulge Plaintiff's request to make copies for him. The court has concurrently issued an order increasing Plaintiff's copy work limit by $30.00. Therefore, Plaintiff may make copies as he sees fit. Nor can the court grant Plaintiff's request to serve subpoenas. The Ninth Circuit has recognized that "28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses." *Dixon v. Yist*, 990 F.2d 478, 480 (9th Cir. 1993) (citing *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989). If Plaintiff wishes to subpoena documents, he must demonstrate that he is able to advance the witness fees. Plaintiff is directed to review Federal Rule of Civil Procedure 45. Accordingly, Plaintiff's motion (Doc. # 42) is **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:   /s/
            Deputy Clerk