# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP B. ASHDOWN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PRISON HEALTH SERVICES, et al.,<br><br>　　　　Defendants. | 3:11-cv-00832-LRH-WGC<br><br>**ORDER** |

Before the court are the following motions filed by Plaintiff: (1) Motion for Transcripts of Telephonic Conference held on May 4, 2012 (Doc. # 89)[1]; (2) Motion for Status Conference (Doc. # 95); and (3) Motion for Recusal of Magistrate Judge (Doc. # 96).

**I. Motion for Transcripts of Telephonic Conference Held on May 4, 2012 (Doc. # 89)**

First, the court will address Plaintiff's Motion for Transcripts of Telephone Conference held on May 4, 2012. (Doc. # 89.) Plaintiff's motion is **DENIED**. If Plaintiff wishes to obtain a copy of the tape recording from the May 4, 2012 hearing, he may submit a request with the appropriate form along with the applicable fee. To that end, the court will direct the Clerk of Court to send Plaintiff a copy of Administrative Office of the Courts Form AO 436.

---

[1] Refers to court's docket number.

**II. Motion for Status Conference (Doc. # 95) and Motion for Recusal of Magistrate Judge (Doc. # 96)**

Next, the court will address Plaintiff's request for a status conference and request that the Magistrate Judge recuse himself. (Docs. # 96, # 96.)

Plaintiff requests a status conference to address what he characterizes as the "constitutional violations, by William Cobb, of [his] 1st and 14th amendment rights to have (1) unobstructed access to the courts (I was denied of my right to produce my evidence in support of my temporary restraining order/preliminary injunction and denied the ability of all necessary copywork extensions purposely hindering my ability to fairly present my case to Judge Larry Hicks) that Magistrate Judge William Cobb has unlawfully hindered and denied, and perjured himself in regards to evidence issues by stating, untruthfully, in his order that he allowed me 250 pages of copywork in the extention [sic] he granted on May 4th, 2012 via teleconference." (Doc. # 95 at 1-2.) Plaintiff asserts that he was charged $0.60 per page to copy his medical records, and not the standard $0.10 per page to copy other documents; therefore, the $25 copy work extension previously granted was insufficient. (*Id*. at 2-3.) Plaintiff also takes issue with the court's previous order granting him an extension of one set of legal supplies, asserting that this is insufficient to litigate his five pending cases. (*Id*. at 4.) Plaintiff also argues that the court submitted its Report and Recommendation on his Motion for Temporary Restraining Order to District Judge Larry R. Hicks without allowing his evidence to be submitted. (*Id*. at 5-6.) He requests that Magistrate Judge Cobb recuse himself because he abused his discretion and violated Plaintiff's rights in connection with the foregoing rulings and because he has not treated Plaintiff fairly. (*Id*. at 7-11.)

On January 10, 2012, Plaintiff filed his Motion for Temporary Restraining Order (Doc. # 6) and Preliminary Injunction (Doc. # 7). A status conference was held on February 17, 2012 (*see* Doc. # 18), and Defendants filed their opposition on March 1, 2012 (Doc. # 22). On March 16, 2012, Plaintiff requested an extension of time to file his reply (Doc. # 34), which was granted and Plaintiff was given up to and including April 11, 2012 to file his reply (*see* Minutes at Doc. # 40). Plaintiff filed his reply

on April 11, 2012.  (Doc. # 47.)

On April 27, 2012, the court issued its Report and Recommendation for denial of Plaintiff's Motion for Temporary Restraining Order (Doc. # 6) and Preliminary Injunction (Doc. # 7). (*See* Report and Recommendation at Doc. # 56.)  The court found that Plaintiff had not demonstrated a likelihood of success on the merits and that his allegations regarding his Eighth Amendment medical care claim were belied by his medical records. (*See id*. at 7-9.)  In addition, the court found Plaintiff had not demonstrated a likelihood of suffering irreparable harm, or that the balance of hardships and public interest factors weighed in his favor. (*Id*. at 9-10.)

On April 27, 2012, the court issued a Minute Order granting Plaintiff a $30 extension of his copy work limit so that he could make copies of his medical records to support his opposition to Defendants' *Motion to Dismiss*. (Doc. # 63.) The court specifically acknowledged that briefing had already closed on Plaintiff's Motion for Temporary Restraining Order; therefore, the order for a copy work limit extension was only addressing Plaintiff's opposition to Defendants' Motion to Dismiss. (*See id*.)  The court did *not* represent to Plaintiff that he would be able to supplement his Motion for Temporary Restraining Order with additional evidence.

A status conference was held on May 4, 2012. (*See* Minutes at Doc. # 65.)  At the conference, the court addressed Plaintiff's Motion for Extension of Legal Supplies (Doc. # 54) and ordered that Plaintiff be provided with one entire new set of legal supplies, to be used strictly for *this* case. (Doc. # 65.)  Plaintiff was also given an extension of time to file his objection to the Report and Recommendation, and was given a $25 extension of his copy work limit and was advised to be circumspect in determining what copy work he may need to respond to the two motions pending before the court. (*Id*.)

Plaintiff filed his objections to the Report and Recommendation on May 31, 2012. (Doc. # 68.) On June 29, 2012, District Judge Larry R. Hicks entered an order adopting the Magistrate Judge's Report and Recommendation. (Doc. # 81.) Thus, Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction (Docs. # 6, # 7) were denied.  Moreover, Plaintiff's Motion to File

Supplemental Evidence in support of his motions (Doc. # 66) was denied, as was his motion to strike text from the Report and Recommendation (Doc. # 67). (Doc. # 81.)

The court held a hearing on August 1, 2012, addressing Plaintiff's previously filed request for a status conference (Doc. # 76), motion requesting that Magistrate Judge Cobb recuse himself (Doc. # 77), motion requesting legal supplies (Doc. # 78), and motion requesting a copy work limit extension (Doc. # 79). (*See* Minutes at Doc. # 93.) The court denied each of these motions. (*See id.*)

Plaintiff subsequently filed the motions that are the subject of the instant order. (Docs. # 95, # 96.)

First, the court sees no reason to conduct another status conference in this matter. Plaintiff was granted an extension of his copy work limit in the amount of $25 in order to oppose Defendants' Motion to Dismiss. That order had nothing to do with the Motion for Temporary Restraining Order as briefing had already closed with respect to that motion. The court cannot interject itself into prison administration with respect to the amount NDOC determines it can charge under Nevada law with respect to copying of documents. With respect to Plaintiff's complaint about the sufficiency of legal supplies, the court granted Plaintiff an extension of his legal supply limit and ordered that Plaintiff be provided with an additional set of legal supplies to be used strictly in this case. If Plaintiff needs additional legal supplies to litigate his other four cases, he is required to seek a separate extension in each of those cases. Accordingly, Plaintiff's motion requesting a status conference (Doc. # 95) is **DENIED**.

Second, the court will address Plaintiff's motion to recuse the Magistrate Judge in this action. 28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and he must also disqualify himself if "he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(a), (b)(1). Recusal is appropriate where a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted); *see also Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 871 (9th Cir. 1991) (citation omitted).

4

In this matter, Plaintiff's request that the Magistrate Judge recuse himself is based solely on his disagreement with orders issued by the Magistrate Judge in Plaintiff's case. There are no facts that can be construed as asserting actual or apparent bias. Adverse rulings are not sufficient grounds for a judge to recuse him or herself. *Liteky v. United States*, 510 U.S. 540, 556 (1994); *see also Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citing *Liteky*, 510 U.S. at 556). At all relevant times, the court's interaction with Plaintiff was fair and impartial. While the court does not construe Plaintiff's motion as asserting that such conduct occurred in this action, even "'expressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008) (quoting *Liteky*, 510 U.S. at 555-56). Having failed to demonstrate that the Magistrate Judge's impartiality might reasonably be questioned, Plaintiff's motion (Doc. # 96) is **DENIED**.[2]

### III. Conclusion

**IT IS HEREBY ORDERED**:

(1) Plaintiff's Motion for Transcripts of Telephonic Conference held on May 4, 2012 (Doc. # 89) is **DENIED**; however, **THE CLERK SHALL SEND PLAINTIFF A COPY OF THE ADMINISTRATIVE OFFICE OF THE COURTS FORM AO 436**;

(2) Plaintiff's Motion for Status Conference (Doc. # 95) is **DENIED**; and

(3) Plaintiff's Motion for Recusal of Magistrate Judge (Doc. # 96) is **DENIED**.

DATED: August 14, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] While Plaintiff addresses his motion to the Chief Judge of the District of Nevada, he has not filed a timely affidavit bringing his motion within the ambits of 28 U.S.C. § 144. Therefore, the court has construed his motion as being brought under 28 U.S.C. § 455, which does not require that the motion be determined by another judge.