UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| PHILLIP B. ASHDOWN, | ) | 3:11-cv-00832-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | October 31, 2012 |
| | ) | |
| PRISON HEALTH SERVICES, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  Katie Lynn Ogden     REPORTER:          FTR

COUNSEL FOR PLAINTIFF:  Phillip B. Ashdown, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S):  Elizabeth Hickman (Telephonically)

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:28 a.m. Court Convenes.

The court commenced the proceedings by advising Mr. Ashdown that the court would not tolerate any further disrespect as plaintiff displayed at the August 3, 2012, hearing. The court advised Mr. Ashdown he could advocate his case, file any objections he felt were appropriate, argue that this court made erroneous rulings but that he had to do so with civility and respect. Mr. Ashdown apologizes and states he will be respectful to the United State District Court.

The court turns to addressing multiple pending motions submitted by the plaintiff.

**I.     Motion for Extension of Time to Serve Prison Health Services Via USM (Dkt. #106) and Motion for US Marshal to Effect Service on Defendant Prison Health Services (Dkt. #118)**

The court's first inclination with regard to allowing service upon named defendant "Prison Health Services" is that Prison Health Services may not be a viable entity in the State of Nevada which can be sued or can sue in its own right. Therefore, the court is inclined to deny plaintiff's request for an extension of time to serve named defendant "Prison Health Services" (Dkt. #106).

MINUTES OF PROCEEDINGS
3:11-cv-00832-LRH-WGC
Date: October 31, 2012
Page 2

     Mr. Ashdown asserts that Prison Health Services is in fact a viable entity which is liable for damages because it is its own entity in and of itself and that it provides some type of medical and/or insurance services to the Nevada Department of Corrections ("NDOC"). Mr. Ashdown further indicates that, based on his research and information he has obtained from other resources, his understanding is defendant Prison Health Services is an independent insurance company for the NDOC, Medical Department. Ms. Hickman, however, asserts that Prison Health Services is not an entity associated with the NDOC and that the NDOC is not insured by any private company; rather, she represents the State is self insured and uses a general fund to pay for medical expenses. The medical services provided under this name of "Prison Health Services" is merely a label of an entity of NDOC and is not, itself, susceptible of being sued, particularly in a §1983 action where it is "an arm of the state."

     In light of the contradicting representations, and the court's limited understanding of who or what Prison Health Services is as an entity in this matter, the court orders both Mr. Ashdown and Ms. Hickman to address this issue, individually, in a statement which shall then be submitted to the court. The parties will have ten (10) days or up to and including **Monday, November 12, 2012**, in which to submit the statements.

     Notwithstanding the matter of who or what Prison Health Services is, the court proceeds to address plaintiff's motion for extension of time to serve named defendant Prison Health Services and plaintiff's request for the US Marshal to effect service. Mr. Ashdown indicates that the "Notice of intent to dismiss pursuant to FRCP 4(m)" (Dkt. #103) prompted his motion for extension of time to serve Prison Health Services via USM (Dkt. #106). Mr. Ashdown contends that although he has attempted to provide the U.S. Marshal with a summons, complaint and USM-285 form, the U.S. Marshal refuses to serve the documents without court order. This then prompted his letter to the court (Dkt. #109) and his Motion for U.S . Marshals to Effect Service on defendant Prison Health Services (Dkt. #118).

     The court is concerned that there appears to be a misunderstanding with regard to whose responsibility it is to effect service. The court informs Mr. Ashdown that on February 16, 2012 (Dkt. #17), the court filed and served an order that granted his status as *pro se* and directed the Attorney General's Office to advise the court whether it can accept service of process for any named defendant(s). Within this order, it also states the following: "*If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s)...service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.*"

     Despite Mr. Ashdown's untimely attempt to effect service or request for additional time to effect service upon Prison Health Services, the court will allow for an extension of time for

service to be completed by the U.S. Marshal's Office.  The court will provide Mr. Ashdown with the following documents so that he may supply the documents to the U.S. Marshal's Office for service upon defendant Prison Health Services: one (1) copy of the operative complaint (Dkt. #11), one (1) USM-285 form and one (1) copy of Minutes of Proceedings Order (Dkt. #119).  The court notes that plaintiff is to supply the name and address for said defendant.  Therefore, plaintiff's Motion for Extension of Time to Serve Prison Health Services Via USM (Dkt. #106), and his Motion for U.S. Marshal to Effect Service on Defendant Prison Health Services (Dkt. #118) are **GRANTED** to the extent as described above.

II.     **Motion for Stay of Proceedings (Dkt. #111)**

The court advises Mr. Ashdown that his Motion for Stay of Proceedings (Dkt. #111) and defendants' response to the Motion for Stay (Dkt. #114) are under submission before District Judge Larry R. Hicks and this issue will be addressed by District Judge Hicks.

III.    **Motion to Extend Time to Respond to Dkt. #108 Report and Recommendation (Dkt. #112)**

Albeit plaintiff's Motion for Stay of Proceedings is under submission before District Judge Hicks, the court will address Mr. Ashdown's Motion to Extend Time to Respond to the Report and Recommendation (Dkt. #112).  Plaintiff's Motion to Extend Time to Respond to the Report and Recommendation (Dkt. #112) is **GRANTED**.  Plaintiff shall have up to and including **Monday, November 26, 2012**, within which to file his objections to the Report and Recommendation (Dkt. #108).  Thereafter, defendants shall file their response to plaintiff's objections no later than **Monday, December 10, 2012**.

IV.     **Clarification by the Court Regarding Case History**

Before turning to plaintiff's two motion's for extension of prison copywork limit (Dkt. ## 110, 116) the court addresses plaintiff's inaccurate history of the case with regard to the court's treatment of plaintiff's motions for temporary restraining order/preliminary injunction (Dkt. ## 6, 7).  On March 1, 2012, defendants filed an opposition to plaintiff's motions for injunctive relief (Dkt. #22).  After granting plaintiff an extension of time on April 11, 2012, to file his response (Dkt. #40), plaintiff filed a 55 page reply memorandum to defendants' opposition (Dkt. #47).  A Report and Recommendation on plaintiff's motions was entered on April 27, 2012 (Dkt. 56).  At a status conference conducted on May 4, 2012, the court granted plaintiff an extension of time to May 29, 2012, in which to file his objections to the Report and Recommendation (Dkt. 65).

MINUTES OF PROCEEDINGS
3:11-cv-00832-LRH-WGC
Date: October 31, 2012
Page 4

Plaintiff at the hearing on August 3rd, and again at today's motion hearing, incorrectly asserts that at the May 4, 2012, hearing that the court advised plaintiff the court would not file its Report and Recommendation until the court "had received all of plaintiff's evidence" (Dkt. #93 at 2). This was the same argument plaintiff made again (incorrectly) at a status conference on August 3, 2012. The court today, again, reiterated what occurred with respect to the Report and Recommendation, i.e., that the Report was entered on April 27, approximately one week *before* the May 4 hearing when the court, per plaintiff, allegedly stated it would defer filing the Report and Recommendation until after the court "had received all of plaintiff's evidence." What the court stated at the May 4 hearing was that plaintiff's request for additional time to file an objection to the Report and Recommendation was granted (Dkt. #65) and that he could include in his objection any arguments he wished to bring to the courts attention. The court explained it would have been inconsistent of the court to afford plaintiff additional time to file evidence relating to his motions for injunction when the Report recommending denial of his motions for injunctive relief had already been entered.

V.  **Motion to Extend Prison Copywork Limit (Dkt. #110) and Motion to Extend Prison Copywork Limit (Second Request) (Dkt. #116)**

In his two motions, Mr. Ashdown requests for a $30.00 extension of copywork limit. The court notes that certain parts of plaintiff's exhibits which he contends need to be attached to his objections to the Report and Recommendation (Dkt. #108) appear to be unnecessary. For example, plaintiff wishes to provided the court with ten (10) pages of Administration Regulation ("AR") documents; however the AR documents are already part of the record at Dkt. #48, Exhibit A-1, 2 and 3. Therefore, plaintiff's two motions for extension of prison copywork limit (Dkt. ## 110, 116 are **GRANTED** to the extent that plaintiff shall receive only a $25.00 extension of prison copywork limit.

VI.  **Motion for Extension of Time...(Dkt. #115)**

The court request that plaintiff address his "Motion for Extension of Time and Motion for Opposition to Defendants' Opposition to My Request for Copywork Extension Pursuant to Federal Rules of Evidence and N.R.S. 208.165 Allowing the Full $30.00 Request to be Granted" (Dkt. #115). Mr. Ashdown indicates that this motion has been "eliminated" in light of the court order granting his extensions of copywork limit. Therefore, to the extent plaintiff seeks relief in Dkt. #115, it is has been disposed of and is deemed moot.

VII.  **Plaintiff's "Oral Request to Remove Defendant Dr. Karen Gedney from the Lawsuit"**

Mr. Ashdown advises the court that defendant Dr. Karen Gedney has recently been

MINUTES OF PROCEEDINGS
3:11-cv-00832-LRH-WGC
Date: October 31, 2012
Page 5

helpful with respect to plaintiff's neurological medical needs.  Plaintiff contends that Dr. Gedney's actions and professionalism warrant her dismissal (without prejudice) from this instant lawsuit as a defendant for being deliberately indifferent to plaintiff's serious medical needs.  Defense counsel has no objection to plaintiff's oral request.  Therefore, plaintiff's oral request to voluntarily dismiss with prejudice Dr. Karen Gedney from this action is  **GRANTED**.  Defendant Dr. Karen Gedney is hereby **DISMISSED without prejudice** from this action.

10:23 a.m. Court Adjourns.

**IT IS SO ORDERED.**

                                                LANCE S. WILSON, CLERK

                                By: _____/s/_____
                                      Katie Lynn Ogden, Deputy Clerk