UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| PHILIP B. ASHDOWN, | ) | 3:11-cv-00832-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | August 21, 2013 |
| | ) | |
| PRISON HEALTH SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:     KATIE OGDEN     REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's motion for extension of time to respond to Defendants Motion for Summary Judgment (Doc. # 162), and Plaintiff's Request for a Status Conference (Doc. # 161).[1]

**Motion for Extension of Time (Doc. # 162)**

Plaintiff's motion (Doc. # 162) is **GRANTED**.  Plaintiff shall have until **October 4, 2013,** to file and serve a response to Defendants' motion for summary judgment (Doc. # 155).  Defendants shall have until **October 21, 2013,** to file and serve any reply thereto.

Plaintiff is cautioned that barring any unique or compelling circumstances, the deadline for responding to Defendants' motion for summary judgment will **NOT** be extended again.

**Motion for Status Conference (Doc. # 161)**

Plaintiff requests the court to schedule the status conference on this case.  His rationale appears to be that he is being denied access to his personal files which are in storage outside of the Northern Nevada Correctional Center and that he is only being allowed to receive "10 pages at a time." (Doc. #161 at 3.)  He also complains he is being denied "legal supplies," including paper, envelopes, etc. (*Id*. at 1-2.)[2]

---

[1] Plaintiff filed his motions as one document but the court clerk segregated them as noted above.

[2] The court notes the record reflects Plaintiff has a myriad of other complaints such as the alleged failure of the Attorney General's office to "cooperate" or assist him in prosecuting his discovery (see, Docs. ## 158 and 159, filed August 9, 2013).  These matters are not ripe as no response has yet been filed by the Defendants.

MINUTES OF THE COURT
3:11-cv-00832-LRH-WGC
Date: August 21, 2013
Page 2

The court will defer ruling on Plaintiff's motion for a status conference (Doc. # 162) until after Defendants' counsel advises the court on the availability of legal supplies to Plaintiff and the procedures utilized to provide Plaintiff access to "his record and evidence exhibits needed in support of [his] opposition" to Defendants' motion for summary judgment. (*Id*. at 1.) Counsel for Defendants is directed to respond by **September 3, 2013,** to these two components of Plaintiff's motion for status conference (Doc. # 161), after which the court will decide whether such a conference is necessary.

Plaintiff is reminded of the court's admonition at the July 23, 2013 status conference that the only civil rights claim remaining in this action arises from the allegation certain NDOC defendants were deliberately indifferent to medical care relative to his leg braces. (Doc. # 153 at 3.[3]) The documentation Plaintiff seeks to retrieve from his personal files, if permissible, should be restricted to the subject of the medical care relating to his leg braces. However, the court assumes, without necessarily deciding this issue, that all relevant information relating to this subject should be available to Plaintiff from a review of his NDOC medical and related files. If Plaintiff contends other relevant information is contained in his personal files, Plaintiff may be required to identify with reasonable particularity what other documentation may be contained within those files.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
         Deputy Clerk

---

[3] Defendants' motion for summary judgment also includes a technical request to dismiss the two Defendants (Perry and Walsh) from this action in light of dismissal of the causes of action in which those individuals were named as defendants (Doc. #155 at 10, 11). The dismissal of those individuals from this action would seemingly not involve a factual question for which any documentation is necessary.