# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| PHILIP B. ASHDOWN, | ) | 3:11-cv-00832-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | September 5, 2013 |
| | ) | |
| PRISON HEALTH SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  KATIE LYNN OGDEN     REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

**Plaintiff's Motion for Status Conference (Doc. #161)**

  Before the court is Plaintiff's motion of a status conference (Doc. #161).  On August 21, 2013, this court's Minute Order (Doc. #163) stated the court was going to defer ruling on Plaintiff's motion until after the Defendants had responded to Plaintiff's motion to allow Defendants to address Plaintiff's contentions he was only being allowed to receive ten pages a day of his private files from outside the prison and also that he was being denied legal supplies (Doc. #163).

  Defendants have now responded to Plaintiff's motion in Doc. #166. Defendants have explained to the satisfaction of the court that Plaintiff has been and is being allowed his standard allotment of legal supplies. (*Id*., at 2-3).  Defendants also refer to NDOC Administrative Regulation (AR) 750 which, for security reasons, limits in each mailing the extent of enclosures which an inmate may receive from outside sources.  The court is mindful of the Supreme Court's admonition in *Turner v Safley*, 482 US 78 (1987) that a district court should avoid involving itself in the minutiae of prison administration, particularly with security issues.  Thus, the court cannot conclude AR 750 and its application to Plaintiff Ashdown is unreasonable.

/ / /
/ / /
/ / /

      MINUTES OF THE COURT
3:11-cv-00832-LRH-WGC
Date:  September 5, 2013
Page 2

      Substantively, the court would again remind Plaintiff of the court's observation in its Minute Order of August 21, 2013 (Doc. #163), that the scope of this case is now extremely narrow, i.e., were Defendants deliberately indifferent to medical care Plaintiff received with respect to his leg braces. (*Id.,* at 2; see also Minute Order # 153 at 2-3).  Plaintiff's opposition to Defendants' motion for summary judgment is not due until October 4, 2013 (Doc. #163), so even at "ten pages a day per mailing," the court assumes Plaintiff should be able to accumulate sufficient materials from his outside files to be able to respond to Defendants' motion for summary judgment. Additionally, since the core issue is an alleged denial of medical care, all of the relevant records should be contained in Plaintiff's NDOC files, which are available to him where he is incarcerated.

      Therefore, Plaintiff's Motion for a Status Conference (Doc. #161) is **DENIED**.

**Plaintiff's Motions for Case Prosecution Assistance  (Doc. ## 158, 159)**

      Also before the court are Doc. ##158 & 159, Plaintiff's "Motion for A.G.'s Help & Motion of Request of Depositions from N.N.C.C. Medical Review Board and Ortho Pro and Defendant Doctors and Listed Nurses Personell (sic) & Evidence Files Obtainment (sic)."  Defendants have Opposed (Doc. #165), stating they are under no obligation to assist Plaintiff in the prosecution of this case, such as noticing deposition for him, providing him a laptop computer, service of requests for admissions at deposition, etc.  Defendants are correct, as this court itself has previously noted.  See Doc. #153 (wherein the court also denied Plaintiff's assertion the court is not "protecting him." *(Id.,*at 3.)

      Plaintiff's Motion for Case Prosecution Assistance is **DENIED**.

**Plaintiff's Motion for Appointment of Counsel (Doc. #164)**

      The Plaintiff has filed what appears to be his fifth Motion for Appointment of Counsel (Doc. 164) (See Doc. # 1-3, denied in a screening order, Doc. #10; Doc. #31, denied in Doc. #32; Doc. #36, actually a motion to reconsider, denied in Doc. #40; Doc. #37, denied in Doc. #40; Doc. ## 92 & 99, denied in Doc. #100).  In Plaintiff's current motion, he uses a form document to request appointment of counsel.  He addresses only the issue of his alleged inability to articulate his claims and does not address the other necessary component a court must consider when addressing a request for appointment of counsel, i.e., the likelihood of success.

      A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  The decision whether to appoint counsel is discretionary with the court.

MINUTES OF THE COURT
3:11-cv-00832-LRH-WGC
Date:  September 5, 2013
Page 3

---

      A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved.  Neither factor is controlling;  both must be viewed together in making the finding.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331.

      The instant motion does not present the extraordinary circumstances which justify the appointment of counsel.  Plaintiff does not address, let alone demonstrate, a likelihood of success on the merits or that his claims are unduly complex. Plaintiff has failed to show that he is unable to articulate his claims.  Rather, he has many filings on record in this action which establish that he is able to litigate his one remaining and narrow cause of action.

      Plaintiff states the "substantive issues and procedural matters in this case are too complex for Plaintiff's comprehension and abilities." Doc. #164 at 2.  The court disagrees.  As stated above, his sole remaining cause of action is whether Defendants were deliberately indifferent regarding a serious medical need (i.e., relating to his leg braces).  This issue or question is not particularly complex and in fact should probably be determined in large measure by reference to Plaintiff's medical records.  Additionally, Plaintiff's allegations of difficulties he has in prosecuting this case (*Id.*, at 3; conducting depositions, researching, paying for recordings, etc.) are similar to the unfortunate set of circumstances that face nearly every indigent pro se inmate who brings action pursuant to 42 U.S.C. § 1983.

      Plaintiff should be aware there is no pool of attorneys to whom the Court can turn to appoint counsel in pro se prisoner §1983 litigation.  The Court does not have the power "to make coercive appointments of counsel."  *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989).  Thus, the Court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)].  Plaintiff has not demonstrated that the requisite exceptional circumstances are present in this case.

      Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. # 164) is **DENIED**.

**IT IS SO ORDERED.**

                                              LANCE S. WILSON, CLERK

                          By:        /s/
                                       Deputy Clerk