UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PHILLIP B. ASHDOWN,

    Plaintiff,

v.

PRISON HEALTH SERVICES, et al.,

    Defendants.

3:11-cv-000832-LRH-WGC

ORDER

Before the Court is Plaintiff Phillip B. Ashdown's ("Ashdown") Third Motion to Recuse Magistrate Judge William G. Cobb, filed on September 23, 2013. Doc. #176.[1] Defendants filed a Response on October 10, 2013, to which Ashdown did not reply. Doc. #184. Also before the Court is Ashdown's Second Motion to Stay Proceedings, filed on September 23, 2013. Doc. #175. Defendants filed a Response on October 10, 2013, to which Ashdown did not reply. Doc. #183. Subsequently, Ashdown filed a Motion to Amend Document #175 and Document #176. Doc. #189.

**I.**　**Motion to Recuse Magistrate Judge Cobb**

This is Ashdown's third Motion to Recuse Magistrate Judge Cobb. *See* Doc. #77; Doc. #96. Because it is addressed specifically to District Judge Larry R. Hicks, the Court will construe

---

[1] Refers to the Court's docket number.

1   his Motion as an Objection to Magistrate Judge Cobb's previous two Orders denying Ashdown's
2   Motions to Recuse.  *See* Doc. #93; Doc. #101.
3          Local Rule IB 3-1 authorizes a District Judge to reconsider any pretrial matter referred to a
4   Magistrate Judge pursuant to LR IB 1-3 where it has been shown that the Magistrate Judge's Order
5   is clearly erroneous or contrary to law.  Motions for recusal are governed by 28 U.S.C. §§ 144 and
6   455.  28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States
7   shall disqualify himself in any proceeding in which his impartiality might reasonably be
8   questioned" or if "he has a personal bias or prejudice concerning a party[.]"  28 U.S.C. § 455(a),
9   (b)(1).  Recusal is appropriate where "a reasonable person with knowledge of all the facts would
10  conclude that the judge's impartiality might be reasonably questioned."  *United States v. Studley*,
11  783 F.2d 934, 939 (9th Cir. 1986).  Moreover, the alleged prejudice must normally result from an
12  extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.  *Id.*
13         After reviewing the relevant material on file in this matter, the Court finds that Ashdown's
14  Objection is without merit.  Ashdown simply does not provide any legal or factual support
15  warranting reconsideration of the Magistrate Judge's Orders other than his own conclusory
16  accusations that Magistrate Judge Cobb's  "flagrant, continual bias and gross abuse of discretion in
17  an unreasonable manner [has] result[ed] in judicial misconduct."  Doc. #176, p. 1.  As in his
18  previous two Motions to Recuse, Ashdown's sole ground for seeking recusal is that he disagrees
19  with certain orders issued by Magistrate Judge Cobb in his case.  *See* Doc. #176, p. 3.  Specifically,
20  Ashdown cites the "unreachable and unreasonable deadlines on discovery and summary
21  judgment[.]"  Doc. #176, p. 3.  However, Ashdown does not assert any facts that could reasonably
22  be construed as asserting actual or apparent bias.  Because a judge's prior adverse ruling in not
23  sufficient cause for recusal, the Court affirms the Magistrate Judge's previous two Orders denying
24  Ashdown's Motions to Recuse.
25         As to Ashdown's Motion to Amend, the Court finds that it does not provide any new
26  information or evidence to establish Magistrate Judge Cobb's impartiality.  Specifically, "Exhibit

2," titled "judicial misconduct proof," does nothing more than assert that Magistrate Judge Cobb wrongfully intercepted and ruled on his prior stay and abeyance motion. *See* Doc. #143 (interpreting Ashdown's Motion for Request to Stay, when read in conjunction with Ashdown's letter to the Court, as a Motion for Request to Stay Discovery). Ashdown is incorrect. It was fully within Magistrate Judge Cobb's purview to rule on Ashdown's prior Motion to Stay, which he interpreted as a Motion to Stay Discovery. Additionally, Ashdown's dissatisfaction with the Court's prior adverse ruling, as previously explained, is not sufficient grounds for recusal.

## II.     Motion to Stay Proceedings

A federal court's authority to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In evaluating a motion to stay, the Court considers the following: "1) whether a stay would unduly prejudice the non-moving party or allow for a tactical advantage for the moving party; 2) whether a stay will simplify the issues in the case at trial; and 3) whether discovery has commenced, or is almost complete and whether a trial date has been set." *Computerized Screening, Inc. v. Lifeclinic Int'l, Inc.*, 3:09-CV-00465, 2010 WL 3257679 (D. Nev. Aug. 16, 2010) (citing *Wireless Spectrum Techs., v. Motorola Corp.*, 57 U.S.P.Q2d 1662, 1663 (N.D. Ill. 2001).

In support of his Motion to Stay, Ashdown essentially argues that he has been unable to conduct meaningful discovery due to his incarceration and Magistrate Judge Cobb's "unreasonable deadlines." *See* Doc. #175, p. 2-8. Specifically, he cites his inability to access resources, information, and evidenced needed to respond to Defendant's Motion for Summary Judgement. *See* Doc. #175, p. 2. However, a stay in the proceedings would not provide Ashdown with the opportunity to conduct further discovery given that discovery in this matter closed on September 30, 2013. *See* Doc. #153.

Furthermore, Ashdown's assertion that Magistrate Judge Cobb placed "unreasonable restrictions" on discovery is entirely unfounded. The record is replete with extensions, evidencing

3

1  the fact that Ashdown had ample opportunity to conduct discovery and respond to Defendant's
2  Motion for Summary Judgment in this action.  *See* Doc. #153, #163, Doc. #168, Doc. #180, Doc.
3  #185.  As such, the Court finds that Defendants, not Ashdown, would be prejudiced by any further
4  delay in this matter.  Accordingly, the Court finds that a stay in proceedings is not warranted.

5      IT IS THEREFORE ORDERED that Ashdown's Motion to Recuse Magistrate Judge Cobb
6  (Doc. #176) is DENIED.

7      IT IS FURTHER ORDERED that Ashdown's Motion to Stay Proceedings (Doc. #175) is
8  DENIED.

9      IT IS SO ORDERED.

10     DATED this 22nd day of October, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4