1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

9  PHILLIP B. ASHDOWN,                    )   3:11-cv-00832-LRH-WGC
                                          )
10              Plaintiff,                )   **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    PRISON HEALTH SERVICES, et. al.       )
13                                        )
                                          )
14              Defendants.               )
                                          )
15  _____ )

16

17          Before the court is Plaintiff's motion for submittal of evidence of expert witness

18  affidavits as well as kites and grievances used as evidence and witness affidavits. (Doc. # 192.)

19  Defendants have opposed the motion. (Doc. # 199.)

20          In this motion, Plaintiff asks the court to allow him to put in the record an expert witness

21  affidavit from William Wilkins, R.N., to support his claim of deliberate indifference. (Doc. #

22  192.) He references being able to submit this information at trial. He also seeks to place witness

23  testimony of Gregory Bennett, along with his relevant kites and grievances in the record for trial.

24  Along with his motion, Plaintiff has submitted the affidavit of William J. Wilkins, R.N., that

25  addresses Plaintiff's injuries and an opinion relative to the standard of care. (Doc. # 192 at 5.)

26

27

28  ///

1

Defendants make the following arguments in opposition to Plaintiff's motion: (1) motions for summary judgment have been filed and are pending, and it would be improper to allow Plaintiff to submit additional evidence at this time; (2) plaintiff previously attempted to file this affidavit as a supplement to his complaint to show medical negligence and the court denied the motion; (3) insofar as this purports to be an expert report, it fails to comply with Federal Rule of Civil Procedure 26(a)(2)(B)(iii), (iv), (v), and (vi); and (4) Plaintiff seeks to submit this information to be in the record for trial, but the case has not advanced to that stage as of yet. (Doc. # 199.)

The court notes that Plaintiff has filed various kites and grievances in connection with his opposition to Defendants' motion and cross-motion for summary judgment. (Docs. # 194-1 at 27-55, # 194-2,# 194-3, # 194-4, #196-1 at 27-55, # 196-2, # 196-3, # 196-4.) The court will consider these kites and grievances in connection with its assessment of the dispositive motions. Should this matter proceed to trial, the question of exhibits can be addressed by the parties in the joint pre-trial order. A request to make them part of the record for trial at this juncture is premature.

Plaintiff also references a witness statement of a Gregory Bennett; yet no statement accompanies his motion.  Nevertheless, the issue of witnesses and exhibits for trial can be addressed via the joint pre-trial order should this matter proceed past the dispositive motion stage.

Finally, the court will address the submission of the affidavit of William Wilkins, R.N., which Plaintiff characterizes as an expert affidavit. Defendants are correct that it is unlikely that Mr. Wilkins' affidavit qualifies as an expert report under Rule 26 as it is missing the requisite information required for such a report.  To the extent Plaintiff seeks to utilize Mr. Wilkins as a

fact witness at trial as an examining nurse, that issue can be briefed should the matter proceed past the dispositive motion stage. The court advises Plaintiff that Mr. Wilkins' testimony (or perhaps the presentation of his affidavit) would be limited to his factual observations, and not expert opinions as the Ninth Circuit has held that "when a treating physician [or nurse] in this case morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 819-20 (9th Cir. 2011). Again, this can be addressed if the case proceeds past summary judgment by way of the joint pre-trial order and/or a motion *in limine*.

The court also points out that Plaintiff previously moved to submit this same affidavit to support a supplemental negligence claim. (Doc. # 104.) The court advised Plaintiff that he could not proceed with a medical malpractice claim under Nevada law, and denied Plaintiff's request to submit the affidavit in support of that claim. (Docs. # 107, # 108.) In fact, Plaintiff's medical malpractice claim was dismissed without leave to amend. (*See* Docs. # 108, # 136.)

While the court might have been inclined to consider Mr. Wilkins' affidavit in connection with Plaintiff's opposition to Defendants' motion for summary judgment and his cross-motion for summary judgment, a review of the affidavit reveals that it is not relevant to Plaintiff's remaining claim of deliberate indifference concerning his leg braces. In fact, the Wilkins' affidavit contains absolutely *no* reference to Plaintiff's leg braces. Therefore, consideration of the affidavit in analyzing the pending dispositive motions is of no utility.

///

///

///

1   Accordingly, Plaintiff's motion (Doc. # 192) is **<u>DENIED</u>**.

2 **IT IS SO ORDERED**.

3 DATED:  November 1, 2013.

4

5

6               _____

7               **WILLIAM G. COBB**
                **UNITED STATES MAGISTRATE JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28