UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PHILLIP B. ASHDOWN, | ) | 3:11-cv-00832-LRH-WGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | **re: PLAINTIFF'S EMERGENCY REQUEST FOR STAY OF CASE** |
| PRISON HEALTH SERVICES, et al., | ) ) | **Doc. # 223** |
| Defendants. | ) ) | |

  Before the court is Plaintiff's Emergency Request for Stay of Case. (Doc. # 223.)[1] Plaintiff seeks a stay because he is now incarcerated in the Denton (Texas) County jail and does not have access to legal supplies, documents, etc. He states he therefore cannot comply with the May 8, 2014 deadline for filing the joint pretrial order. (*Id.* at 3, 4.)

  The court has previously extended the deadline for the parties to file a joint pretrial order (Doc. # 221), following a motion made by Defendants based on Plaintiff's failure to cooperate in preparation of the order.[2] The current deadline to file the joint pretrial order is June 23, 2014. If as Plaintiff suggests he may be released before that date, there is no justification to stay the case indefinitely, particularly since the deadline to file the joint pretrial order is approximately six weeks hence. At present, such a request to stay the case indefinitely is premature.

///

///

---

[1] Refers to court's docket number.

[2] The court also denied Defendant's motion to dismiss because of Plaintiff's failure to keep the court advised of his current address. (Doc. # 220.)

The court advises Plaintiff that it will not necessarily continue the practice of delaying and extending deadlines due to what appears to be Plaintiff's propensity to become re-arrested and re-incarcerated after release from custody. The court notes that in 2013 after Plaintiff's discharge from the custody of Nevada Department of Corrections (NDOC), he was arrested soon thereafter. After being initially detained in the Washoe County Jail, he was returned to custody of NDOC. This caused a delay of several months in this case. *See*, *e.g.*, Doc. ## 142, 153. Because of his renewed incarceration, Plaintiff filed a motion to stay at that time. (Doc. # 144.) As a result, the court – although not staying the case – generously extended various deadlines on discovery and the filing of dispositive motions which had been established in the case. (*Id.* at 153; Doc. # 163.)

This case has been pending now for almost three years. Plaintiff's apparent inability to remain outside of incarceration is not of the court's doing and may not in the future be considered as grounds to either further delay submission of a joint pretrial order or to stay the case. Plaintiff's failure to prosecute the case may also lead to a dismissal under Fed. R. Civ. P. 41(b).

Plaintiff's Emergency Request for a Stay of the Case (Doc. # 223) is **DENIED WITHOUT PREJUDICE**. If Plaintiff is still incarcerated as the June 23, 2014 deadline to file a pretrial order approaches, the court will consider a motion Plaintiff may file at that time to further extend the deadline to file a joint pretrial order. However, Plaintiff is cautioned that his continued incarceration should not be interpreted as legitimate grounds for Plaintiff to repeatedly ask the court to indefinitely stay this case.

**IT IS SO ORDERED.**

**DATED: May 8, 2014**

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE